Case 6:18-cv-00340-RBD-G\_K   Document 2   Filed 03/06/18   Page 1 of 35 PageID 64

## IN THE COUNTY COURT OF THE 18TH JUDICIAL CIRCUIT
## IN AND FOR BREVARD COUNTY, FLORIDA

LISA GINGO,                              Case No.: 05-2018-SC-

        Plaintiff,

v.

I.C. SYSTEM, INC.,

        Defendant,

_____/

### SMALL CLAIMS STATEMENT OF CLAIM

    Plaintiff, LISA GINGO, an individual, files this Complaint for Damages and Incidental Relief against DEFENDANT, I.C. SYSTEM, INC., a Florida For Profit Corporation, and allege as follows:

### I
### PRELIMINARY STATEMENT

1.    This is a civil action seeking monetary relief from Defendant I.C. SYSTEM, INC. for violations pursuant to federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., (hereafter "FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. (hereafter "FCCPA"), Fla. Stat. § 501.201 et seq. (FDUTPA) and for promissory fraud.

### II
### JURISDICTION & VENUE

2.    This Court has jurisdiction to grant relief as this is action for damages not exceeding $5,000.00 exclusive of interest, attorneys's fees, and costs. Jurisdiction is pursuant to Fla. Stat. § 34.01,  Fla. Stat. § 48.193(1)(a), Fla. Stat. § 559.77(1) and pursuant to 15 U.S.C. § 1692k(d).

3.    Venue is proper in Brevard County, Florida, pursuant to Fla. Stat. §47.011 as this is the county where the cause of action accrued.

## III

## COMPOSITE EXHIBITS

4.      Attached to this Complaint are Composite Exhibits.  The Composite Exhibits are incorporated and made a part hereof as Composite Exhibit "A" and are given Bates numbers on the bottom of each page.  Any reference made to Composite Exhibit "A" shall be as follows: "[Composite Exhibit "A" page ___]".

## IV

## ALLEGATIONS AS TO THE PARTIES

5.      At all times material hereto, Plaintiff Lisa Gingo ("Plaintiff") is a natural person, she is *sui juris* and a resident of Brevard County, Florida.

6.      At all times material hereto, Defendant I.C. System, Inc. (hereinafter "Defendant") was and is a Florida for profit corporation with a principal place of business at 444 Highway 96, East St. Paul, MN 55127-2557.

7.      Defendant is a Florida Licensed debt collector with license number CCA0900391.  It's registered agent for service is C T Corporation System, 1200 South Pine Island Road, Plantation, FL  33324.

## V

## FACTS

8.      All conditions precedent to the bringing of this action have been performed, waived or excused.

9.      On the evening of January 5, 2016 through morning of January 6, 2016, Plaintiff was seen at the emergency room at Parrish Medical Center (hereafter "Parrish") in Titusville, Florida. On information and belief, Plaintiff executed a contract to pay Parrish its regular, usual, standard or customary charges, which could be no more than fair market value.   Parrish assigned Account number A00033165812 and Medical Record Number H0002365812 to the debt.  Plaintiff does

not have health insurance, rather she is a member of Christian Health Care Ministries which is an IRS approved cost sharing group that pays costs of medical bills that are in excess of $5,000.00 in any one calendar year. As a result of the visit to the Parrish Medical Center emergency room, Plaintiff received medical bills from six different entities, the total of which originally did not exceed $5,000.00. Plaintiff began paying monthly sums of $50.00 to $100.00 on these bills in an attempt to pay them off.

10.    On information and belief, upon release from the hospital, Parrish gave Plaintiff an initial bill stating the amount due was $1,542.94 (hereafter the "Debt"). (Composite Exhibit A, page 1) That amount was greater than fair market value. That bill carried a reference number 118881472-1-99. It also carried a description stating:

| | |
|---|---|
| Diagnostic Imaging . . . . . | $365.00 |
| EKG. . . . . . . | $387.00 |
| ER. . . . . . . | $1,515.00 |
| LAB. . . . . . . | $1,590.34 |
| | |
| Account Balance. . . . . | $1,542.94 |
| Total Charges. . . . . | $3,857.34 |
| Total Patient Adjustments. . . . | $0.00 |
| Total Patient Payments. . . . | $0.00 |
| Total Insurance Adjustments.. . . | $0.00 |
| Total Insurance Payments. . . . | $0.00 |

11.    On information and belief, Parrish Medical Center participates in the Medicare program. As a condition to participation in the Medicare program, federal law requires hospital emergency departments to provide emergency treatment to individuals regardless of ability to pay. 42 U.S.C. § 1395dd states:

(a) Medical screening requirement
In the case of a hospital that has a hospital emergency department, if any individual (whether or not eligible for benefits under this subchapter) comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition (within the meaning of subsection (e)(1)) exists.

3 of 35

12.     On information and belief, the Debt was based upon a "list price" or "charge master" price.  Charge master prices are three to four times the amount negotiated as reasonable charges with commercial insurers and 9.2 to 12.6 times more than the Medicare reimbursement rate and do NOT represent the reasonable and customary fee for services.  Regardless of the contract terms, the Plaintiff is only obligated to pay a reasonable amount for services provided.  *Mercy Hospital v. Carr*, 297 So. 2d 598 (Fla. 3d DCA 1974), cert. denied, 307 So. 2d 448 (Fla. 1974) Plaintiff is "not be bound by unreasonable charges in an agreement to pay charges in accordance with 'standard and current rates….'". *Payne v. Humana Hospital*, 661 So. 2d 1239, 1241 (Fla. 1st DCA 1995)

13.     Charge master rates are not the standard by which reasonable and customary fees for services to the uninsured are determined.  Instead, the standard is "fair market value" of the services rendered. "In the context of the statute, it is clear what is called for is the fair market value of the services provided. Fair market value is the price that a willing buyer will pay and a willing seller will accept in an arm's-length transaction." *Baker County Medical Services d/b/a Ed Fraser Memorial Hospital v. Aetna Health, et al.*, 31 So. 3d 842, 845 (Fla. 1st DCA 2010)  What Medicare and commercial insurers pay is the best basis to determine fair market value for medical services provided.

14.     On December 6, 2016, Parrish Medical Center sent Plaintiff a bill stating "Payment Amount Due $1,542.94".  (Composite Exhibit A, p. 2)

15.     On March 21, 2016, Plaintiff paid Parrish Medical Center $100.00 on the Debt.  (Composite Exhibit A, p. 3)

16.     On April 10, 2017, Defendant, as debt collector for Parrish Medical Center, sent Plaintiff a bill for $1,542.94.  (Composite Exhibit A, p. 4)  This bill reflects that Plaintiff's payments did not reduce the amount of the Debt.  This was the first communication from the Defendant and it

did not state "This is an attempt to collect a debt and any information obtained will be used for that purpose." (See top of Composite Exhibit A, p. 5 for remainder of letter)

17.    On May 4, 2017, Plaintiff sent a $100.00 payment on the Debt to Defendant.  (Composite Exhibit A, p. 5)

18.    On May 15, 2017, Plaintiff sent Parrish Medical Center $100.00 on the Debt.  (Composite Exhibit A, p. 6)

19.    May 25, 2017, Defendant sent a dunning letter to Plaintiff stating that the balance due was $1,442.90.  (Composite Exhibit A, p. 7 - 9)  This bill did not fully credit Plaintiff for her payments made on the Debt.

20.    On July 22, 2017, Defendant sent a dunning letter to Plaintiff stating that the balance due on the Debt was $4,131.74.  (Composite Exhibit A, p. 10 - 12)  Defendant stated in that letter "Our office has been advised to increase the balance owed on the delinquent account to the right due to additional charges being incurred.  These charges are now included and your current balance due is $4,131.74".  Defendant stated in that letter that it had reported to Plaintiff's credit file the sum of $1,442.94 as due and that it was scheduled to report $2,688.80 as an additional sum to her credit file.  (Composite Exhibit A, p. 12)

21.    On October 27, 2017, Defendant received by US Post Office Certified Mail Plaintiff's Debt dispute letter demanding validation of the debt and requesting that Defendant explain why the balance of the debt was increased by $2,688.80.  This increase occurred nearly a year and a half after hospitalization.  Plaintiff also demanded a detailed transaction history  and explanation of each charge, the date of each charge and reason for each charge.  (Composite Exhibit A, p. 13 - 14)

22.    Had Defendant provided all charges to Plaintiff when incurred, Plaintiff could have used her Christian Health Care Ministry account to pay for the medical services.  By waiting a year and a half to add these additional charges, Defendant prejudiced Plaintiff's ability to pay the Debt.

23.    The additional charges are an example of price gouging by Parrish Medical Center or are Defendant's attempt to illegally collect an additional non-existent debt.  Additionally, that additional amount of Debt was not fair market value for services provided.

24.    Plaintiff checked her credit file and did not find the Debt reported on her credit file.

**VI**
**CAUSES OF ACTION**

**COUNT ONE**

**Violations of the FDCPA**
**(15 U.S.C. § 1692d)**

25.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 24, above as if fully set forth herein.

26.    Plaintiff has been "the object of collection activity arising from consumer debt".

27.    Plaintiff is a "Consumer" pursuant to the FDCPA in that she is a natural person and was allegedly obligated to pay an obligation arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, was primarily for personal, family, or household purposes.

28.    The alleged Debt at issue under the FDCPA is primarily for personal, family, or household purposes.  The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or ser-

6 of 35

vices which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

29.    Defendant has engaged in an act or omission prohibited by the FDCPA.

30.    Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6), in that it uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

31.    Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6) as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

32.    At all times material hereto, Defendant was engaged in the regular collection of any consumer debts alleged to be due or alleged to be due to another using United States mail or telephone.

33.    The FDCPA provides in relevant part:

    15 U.S.C. § 1692d:
    A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

34.    Defendant violated 15 U.S.C. § 1692d when it told Plaintiff that it had reported the $1,442.94 Debt on her credit file, when in fact it had not reported it on her credit file.

35.    Defendant violated 15 U.S.C. § 1692d when it told Plaintiff that it had scheduled to report the additional $2,688.80 Debt on her credit file, when in fact it never made any such report to her credit file.

36.     As a direct and proximate result of the Defendants' above-described conduct in violations of the FDCPA requirements, Plaintiff suffered damage, including, attorneys fees and costs, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, frustration, aggravation, humiliation, embarrassment, and despair.

### Prayer For Relief

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS for:

A.     Actual damages;

B.     Statutory damages;

C.     Attorneys' fees and costs; and

D.     Such other and further relief as justice may require and allow, including pre-judgment and post-judgment interest.

### COUNT TWO

### Violations of the FDCPA
### (Violation of 15 U.S.C. § 1692e)

37.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 24, above as if fully set forth herein.

38.     Plaintiff has been "the object of collection activity arising from consumer debt".

39.     Plaintiff is a "Consumer" pursuant to the FDCPA in that she is a natural person and was allegedly obligated to pay an obligation arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, was primarily for personal, family, or household purposes.

40.     The alleged Debt at issue under the FDCPA is primarily for personal, family, or household purposes. The FDCPA defines "debt" as "any obligation or alleged obligation of a con-

sumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

41.     Defendant has engaged in an act or omission prohibited by the FDCPA.

42.     Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6), in that it uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

43.     Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6) as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

44.     At all times material hereto, Defendant was engaged in the regular collection of any consumer debts alleged to be due or alleged to be due to another using United States mail or telephone.

45.     15 U.S.C. § 1692e provides in relevant part:
        A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46.     On May 25, 2017, Defendant violated 15 U.S.C. § 1692e when it told Plaintiff that she owed $1,442.90.  That was a false statement because that additional amount of Debt was not fair market value for services provided and because it failed to credit Plaintiff with the payments she had made on the Debt.

47.    On July 22, 2017, Defendant violated 15 U.S.C. § 1692e when it told Plaintiff that it had reported the $1,442.94 Debt on her credit file, when in fact it had not reported it on her credit file.

48.    On July 22, 2017, Defendant violated 15 U.S.C. § 1692e when it told Plaintiff that it had scheduled to report the additional $2,688.80 Debt on her credit file, when in fact it never made any such report to her credit file.

49.    On July 22, 2017, Defendant violated 15 U.S.C. § 1692e when it told Plaintiff that she owed $4,131.74.  That sum was false as it included an additional $2,688.80 that was either an amount that Defendant added in to pad its recovery or it represented price gouging by Parrish Medical Center.  Additionally, that additional amount of Debt was not fair market value for services provided.

50.    As a direct and proximate result of the Defendants' above-described conduct in violations of the FDCPA requirements, Plaintiff suffered damage, including, attorneys fees and costs, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, frustration, aggravation, humiliation, embarrassment, and despair.

### Prayer For Relief

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS for:

A.    Actual damages;

B.    Statutory damages;

C.    Attorneys' fees and costs; and

D.    Such other and further relief as justice may require and allow, including pre-judgment and post-judgment interest.

## COUNT THREE

### Violations of the FDCPA
### (Violation of 15 U.S.C. § 1692e(2))

51.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 24, above as if fully set forth herein.

52.     Plaintiff has been "the object of collection activity arising from consumer debt".

53.     Plaintiff is a "Consumer" pursuant to the FDCPA in that she is a natural person and was allegedly obligated to pay an obligation arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, was primarily for personal, family, or household purposes.

54.     The alleged debt at issue under the FDCPA is primarily for personal, family, or household purposes.  The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

55.     Defendant has engaged in an act or omission prohibited by the FDCPA.

56.     Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6), in that it uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

57.     Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6) as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

58.     At all times material hereto, Defendant was engaged in the regular collection of any consumer debts alleged to be due or alleged to be due to another using United States mail or telephone.

59.     15 U.S.C. § 1692e provides in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . .
(2) The false representation of—
      (A)    the character, amount, or legal status of any debt; or
      (B)    any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

60.     On May 25, 2017, Defendant violated 15 U.S.C. § 1692e(2) when it told Plaintiff that she owed $1,442.90.  That was false because that additional amount of Debt was not fair market value for services provided and because it failed to credit Plaintiff with the payments she had made on the Debt.

61.     On July 22, 2017, Defendant violated 15 U.S.C. § 1692e(2) when it told Plaintiff that it had reported the $1,442.94 debt on her credit file, when in fact it had not reported it on her credit file.

62.     On July 22, 2017, Defendant violated 15 U.S.C. § 1692e(2) when it told Plaintiff that it had scheduled to report the additional $2,688.80 debt on her credit file, when in fact it never made any such report to her credit file.

63.     On July 22, 2017, Defendant violated 15 U.S.C. § 1692e(2) when it told Plaintiff that she owed $4,131.74.  That sum was false as it included an additional $2,688.80 that was either an amount that Defendant added in to pad its recovery or it represented price gouging by Parrish

Medical Center. Additionally, that was false because that additional amount of Debt was not fair market value for services provided, nor were additional services provided.


64.    As a direct and proximate result of the Defendants' above-described conduct in violations of the FDCPA requirements, Plaintiff suffered damage, including, attorneys fees and costs, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, frustration, aggravation, humiliation, embarrassment, and despair.

### Prayer For Relief

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS for:

A.    Actual damages;

B.    Statutory damages;

C.    Attorneys' fees and costs; and

D.    Such other and further relief as justice may require and allow, including pre-judgment and post-judgment interest.

### COUNT FOUR

### Violations of the FDCPA
### (Violation of 15 U.S.C. § 1692e(5))

65.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 24, above as if fully set forth herein.


66.    Plaintiff has been "the object of collection activity arising from consumer debt".


67.    Plaintiff is a "Consumer" pursuant to the FDCPA in that she is a natural person and was allegedly obligated to pay an obligation arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, was primarily for personal, family, or household purposes.

68.     The alleged debt at issue under the FDCPA is primarily for personal, family, or household purposes.  The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

69.     Defendant has engaged in an act or omission prohibited by the FDCPA.

70.     Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6), in that it uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

71.     Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6) as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

72.     At all times material hereto, Defendant was engaged in the regular collection of any consumer debts alleged to be due or alleged to be due to another using United States mail or telephone.

73.     15 U.S.C. § 1692e(5) provides in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . .
5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

74.    On July 22, 2017, Defendant violated 15 U.S.C. § 1692e(5) when it told Plaintiff that it had reported the $1,442.94 debt on her credit file, when in fact it had not reported it on her credit file and had no intention to make such report to her credit file.

75.    On July 22, 2017, Defendant violated 15 U.S.C. § 1692e(5) when it told Plaintiff that it had scheduled to report the additional $2,688.80 debt on her credit file, when in fact it never made any such report to her credit file and never intended to make any such report to her credit file.

76.    As a direct and proximate result of the Defendants' above-described conduct in violations of the FDCPA requirements, Plaintiff suffered damage, including, attorneys fees and costs, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, frustration, aggravation, humiliation, embarrassment, and despair.

### Prayer For Relief

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS for:

A.    Actual damages;

B.    Statutory damages;

C.    Attorneys' fees and costs; and

D.    Such other and further relief as justice may require and allow, including pre-judgment and post-judgment interest.

### COUNT FIVE

### Violations of the FDCPA
### (Violation of 15 U.S.C. § 1692e(8))

77.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 24, above as if fully set forth herein.

78.     Plaintiff has been "the object of collection activity arising from consumer debt".

79.     Plaintiff is a "Consumer" pursuant to the FDCPA in that she is a natural person and was allegedly obligated to pay an obligation arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, was primarily for personal, family, or household purposes.

80.     The alleged Debt at issue under the FDCPA is primarily for personal, family, or household purposes.  The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

81.     Defendant has engaged in an act or omission prohibited by the FDCPA.

82.     Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6), in that it uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

83.     Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6) as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

84.     At all times material hereto, Defendant was engaged in the regular collection of any consumer debts alleged to be due or alleged to be due to another using United States mail or telephone.

85.     15 U.S.C. § 1692e(8) provides in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

86.    On July 22, 2017, Defendant violated 15 U.S.C. § 1692e(8) when it told Plaintiff that it had reported the $1,442.94 debt on her credit file, when in fact it had not reported it on her credit file and had no intention to make such report to her credit file.

87.    On July 22, 2017, Defendant violated 15 U.S.C. § 1692e(8) when it told Plaintiff that it had scheduled to report the additional $2,688.80 debt on her credit file, when in fact it never made any such report to her credit file and never intended to make any such report to her credit file.

88.    On information and belief, if Defendant made a negative report on Plaintiffs credit file, on and after October 27, 2017, Defendant violated 15 U.S.C. § 1692e(8) when it failed to notify the credit bureaus that the Debt was disputed.

89.    As a direct and proximate result of the Defendants' above-described conduct in violations of the FDCPA requirements, Plaintiff suffered damage, including, attorneys fees and costs, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, frustration, aggravation, humiliation, embarrassment, and despair.

### Prayer For Relief

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS for:

A.    Actual damages;

B.    Statutory damages;

C.    Attorneys' fees and costs; and

D.    Such other and further relief as justice may require and allow, including pre-judgment and post-judgment interest.

## COUNT SIX

### Violations of the FDCPA
### (Violation of 15 U.S.C. § 1692e(10))

90.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 24, above as if fully set forth herein.

91.    Plaintiff has been "the object of collection activity arising from consumer debt".

92.    Plaintiff is a "Consumer" pursuant to the FDCPA in that she is a natural person and was allegedly obligated to pay an obligation arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, was primarily for personal, family, or household purposes.

93.    The alleged Debt at issue under the FDCPA is primarily for personal, family, or house-hold purposes.  The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

94.    Defendant has engaged in an act or omission prohibited by the FDCPA.

95.    Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6), in that it uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

96.    Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6) as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

97.    At all times material hereto, Defendant was engaged in the regular collection of any consumer debts alleged to be due or alleged to be due to another using United States mail or telephone.

98.    15 U.S.C. § 1692e provides in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . .
(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

99.    On May 25, 2017, Defendant violated 15 U.S.C. § 1692e(10) when it told Plaintiff that she owed $1,442.90.  That was false because that additional amount of Debt was not fair market value for services provided and because it failed to credit Plaintiff with the payments she had made on the Debt.

100.    On July 22, 2017, Defendant violated 15 U.S.C. § 1692e(10) when it told Plaintiff that it had reported the $1,442.94 debt on her credit file, when in fact it had not reported it on her credit file.

101.    On July 22, 2017, Defendant violated 15 U.S.C. § 1692e(10) when it told Plaintiff that it had scheduled to report the additional $2,688.80 debt on her credit file, when in fact it never made any such report to her credit file.

102.    On July 22, 2017, Defendant violated 15 U.S.C. § 1692e(10) when it told Plaintiff that she owed $4,131.74.  That sum was false as it included an additional $2,688.80 that was either an

amount that Defendant added in to pad its recovery or it represented price gouging by Parrish Medical Center. Additionally, that was false because that additional amount of Debt was not fair market value for services provided, nor were additional services provided.

103.    As a direct and proximate result of the Defendants' above-described conduct in violations of the FDCPA requirements, Plaintiff suffered damage, including, attorneys fees and costs, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, frustration, aggravation, humiliation, embarrassment, and despair.

### Prayer For Relief

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS for:

A.    Actual damages;

B.    Statutory damages;

C.    Attorneys' fees and costs; and

D.    Such other and further relief as justice may require and allow, including pre-judgment and post-judgment interest.

### COUNT SEVEN

### Violations of the FDCPA
### (Violation of 15 U.S.C. § 1692e(11))

104.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 24, above as if fully set forth herein.

105.    Plaintiff has been "the object of collection activity arising from consumer debt".

106.    Plaintiff is a "Consumer" pursuant to the FDCPA in that she is a natural person and was allegedly obligated to pay an obligation arising out of a transaction where the money, property,

insurance or services, which are the subject of the transaction, was primarily for personal, family, or household purposes, to wit: a mortgage loan on a personal residence.

107.    The Debt at issue under the FDCPA was primarily for personal, family, or household purposes. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

108.    Defendant engaged in an act or omission prohibited by the FDCPA.

109.    Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6), in that they use the U.S. Mails in a business, the principal purpose of which is to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

110.    At all times material hereto, Defendant engaged in the regular collection of consumer debts alleged to be due or alleged to be due another using United States mail or telephone.

111.     15 U.S.C. § 1692e provides in relevant part:

The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(hereafter "Mini Miranda")

112.    On April 10, 2017, Defendant violated 15 U.S.C. § 1692e(11) when it failed to include

Mini Miranda language in its initial letter to Plaintiff.


113.    As a direct and proximate result of the Defendants' above-described conduct in violations

of the FDCPA requirements, Plaintiff suffered damage, including, attorneys fees and costs, pain

and suffering, mental anguish, loss of capacity for the enjoyment of life, frustration, aggravation,

humiliation, embarrassment, and despair.


**Prayer For Relief**

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS for:

A.    Actual damages;

B.    Statutory damages;

C.    Attorneys' fees and costs; and

D.    Such other and further relief as justice may require and allow, including pre-
judgment and post-judgment interest.


**COUNT EIGHT**

**Violations of the FDCPA**
**(Violation of 15 U.S.C. § 1692f)**


114.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 24, above as if

fully set forth herein.


115.    Plaintiff has been "the object of collection activity arising from consumer debt".


116.    Plaintiff is a "Consumer" pursuant to the FDCPA in that she is a natural person and was

allegedly obligated to pay an obligation arising out of a transaction where the money, property,

insurance or services, which are the subject of the transaction, was primarily for personal, family,

or household purposes, to wit: a mortgage loan on a personal residence.

117.    The debt at issue under the FDCPA was primarily for personal, family, or household purposes. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

118.    Defendant engaged in an act or omission prohibited by the FDCPA.

119.    Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6), in that they use the U.S. Mails in a business, the principal purpose of which is to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

120.    At all times material hereto, Defendant engaged in the regular collection of consumer debts alleged to be due or alleged to be due another using United States mail or telephone.

121.    15 U.S.C. § 1692f provides in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

122.    On May 25, 2017, Defendant violated 15 U.S.C. § 1692f when it told Plaintiff that it had reported the $1,442.94 Debt on her credit file, when in fact it had not reported it on her credit file. Additionally, that was false because that amount of Debt was not fair market value for services provided.

123.    On July 22, 2017, Defendant violated 15 U.S.C. § 1692f when it told Plaintiff that it had scheduled to report the additional $2,688.80 Debt on her credit file, when in fact it never made or intended to make any such report to her credit file.  Additionally, that was false because that additional amount of Debt was not fair market value for services provided, nor were additional services provided.

124.    As a direct and proximate result of the Defendants' above-described conduct in violations of the FDCPA requirements, Plaintiff suffered damage, including, attorneys fees and costs, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, frustration, aggravation, humiliation, embarrassment, and despair.

**Prayer For Relief**

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS for:

A.    Actual damages;

B.    Statutory damages;

C.    Attorneys' fees and costs; and

D.    Such other and further relief as justice may require and allow, including pre-judgment and post-judgment interest.

**COUNT NINE**
**Violations of the FDCPA**
**(Violation of 15 U.S.C. § 1692f(1))**

125.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 24, above as if fully set forth herein.

126.    Plaintiff has been "the object of collection activity arising from consumer debt".

24 of 35

127.    Plaintiff is a "Consumer" pursuant to the FDCPA in that she is a natural person and was allegedly obligated to pay an obligation arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, was primarily for personal, family, or household purposes, to wit: a mortgage loan on a personal residence.

128.    The Debt at issue under the FDCPA was primarily for personal, family, or household purposes.  The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

129.    Defendant engaged in an act or omission prohibited by the FDCPA.

130.    Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6), in that they use the U.S. Mails in a business, the principal purpose of which is to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

131.    At all times material hereto, Defendant engaged in the regular collection of consumer debts alleged to be due or alleged to be due another using United States mail or telephone.

132.    15 U.S.C. § 1692f provides in relevant part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

133.    On May 25, 2017, Defendant violated 15 U.S.C. § 1692f(1) when it told Plaintiff that she owed $1,442.90.  That was false because that amount was not authorized by any agreement as it failed to consider payments Plaintiff had made on the debt.  Additionally, that was false because that amount of Debt was not fair market value for services provided.

134.    On July 22, 2017, Defendant violated 15 U.S.C. § 1692f(1) when it told Plaintiff she owed an additional $2,688.80 debt.  That was false because that additional amount was not authorized by any agreement. Additionally, that was false because that additional amount of Debt was not fair market value for services provided, nor were additional services provided.

135.    As a direct and proximate result of the Defendants' above-described conduct in violations of the FDCPA requirements, Plaintiff suffered damage, including, attorneys fees and costs, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, frustration, aggravation, humiliation, embarrassment, and despair.

## Prayer For Relief

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS for:

A.    Actual damages;

B.    Statutory damages;

C.    Attorneys' fees and costs; and

D.    Such other and further relief as justice may require and allow, including pre-judgment and post-judgment interest.

## COUNT TEN

### Violations of the FDCPA
### (Violation of 15 U.S.C. § 1692g)

136.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 24, above as if fully set forth herein.

137.    Plaintiff has been "the object of collection activity arising from consumer debt".

138.    Plaintiff is a "Consumer" pursuant to the FDCPA in that she is a natural person and was allegedly obligated to pay an obligation arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, was primarily for personal, family, or household purposes.

139.    The alleged Debt at issue under the FDCPA is primarily for personal, family, or household purposes.  The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

140.    Defendant has engaged in an act or omission prohibited by the FDCPA.

141.    Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6), in that it uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

142.    Defendant is a "debt collector" within the definition established by the FDCPA, § 1692a(6) as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

143.    At all times material hereto, Defendant was engaged in the regular collection of any consumer debts alleged to be due or alleged to be due to another using United States mail or telephone.

144.    15 U.S.C. § 1692g) provides in relevant part:

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

145.    On October 27, 2017 Defendant received a Debt validation letter and thereafter failed to validate the debt.  On information and belief, thereafter, Defendant made a negative report on Plaintiff's credit file.

146.    As a direct and proximate result of the Defendants' above-described conduct in violations of the FDCPA requirements, Plaintiff suffered damage, including, attorneys fees and costs, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, frustration, aggravation, humiliation, embarrassment, and despair.

## Prayer For Relief

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS for:

A.    Actual damages;

B.    Statutory damages;

C.    Attorneys' fees and costs; and

D.     Such other and further relief as justice may require and allow, including pre-judgment and post-judgment interest.

**COUNT ELEVEN**

**Violations of the FCCPA**
**(Fla. Stat. § 559.72(9))**

147.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 - 24, above as if fully set forth herein. Fla. Stat. § 559.72 states in relevant part:

> In collecting consumer debts, no person shall:
> …
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.
> …

148.   Defendants engaged in an act or omission prohibited under § 559.72(9) by claiming a debt was owed and attempting to collect the subject debt, through dunning letters while knowing the amount of the debt was not legitimate.

149.   On May 25, 2017, Defendant violated 15 U.S.C. § 1692e(2) when it told Plaintiff that she owed $1,442.90.  That was false because it failed to credit her with the payments she had made on the debt.  Additionally, that was false because that amount of Debt was not fair market value for services provided.

150.   On July 22, 2017, Defendant violated 15 U.S.C. § 1692e(2) when it told Plaintiff that it had reported the $1,442.94 debt on her credit file, when in fact it had not reported it on her credit file.

151.    On July 22, 2017, Defendant violated 15 U.S.C. § 1692e(2) when it told Plaintiff that it had scheduled to report the additional $2,688.80 debt on her credit file, when in fact it never made any such report to her credit file.

152.    On July 22, 2017, Defendant violated 15 U.S.C. § 1692e(2) when it told Plaintiff that she owed $4,131.74.  That sum was false as it included an additional $2,688.80 that was either an amount that Defendant added in to pad its recovery or it represented price gouging by Parrish Medical Center.  Additionally, that was false because that additional amount of Debt was not fair market value for services provided, nor were additional services provided.

153.    Defendants' acts and omissions as described herein have directly and proximately resulted in Plaintiffs' prior and continuing sustaining of damages pursuant to Fla. Stat. § 559.77 including, but not limited to, compensatory, statutory and actual damages in the form of damaged credit reputation, lost credit opportunity, emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

### Prayer for Relief

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS for:

A.    Actual damages;

B.    Statutory damages;

C.    Attorneys' fees and costs; and

D.    Injunctive relief.

E.    Declaratory relief.

F.    Such other and further relief as justice may require and allow, including pre-judgment and post-judgment interest.

## COUNT TWELVE

### Violation of the FDUTPA
### (Fla. Stat. 501, et. seq.)

154.   Plaintiff repeats and re-allege the allegations contained in paragraphs 1-24, above as if fully set forth herein.

155.   The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") renders unlawful unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce. Section 501.204, Fla. Stat.

156.   At all relevant times, Defendant's solicited, advertised, offered, and provided goods and services by managing, servicing and collecting debts for others in the state of Florida and thereby were engaged in trade or commerce as defined in Section 501.203, Fla. Stat.

157.   At all relevant times, Plaintiff was a consumer as defined by Section 501.203, Fla. Stat.

158.   Defendants practice of attempting to collect a Debt that is not based on fair market value and not authorized by contract, while knowing the debt was not legitimate was unfair, deceptive and damaged the Plaintiffs.

### Prayer for Relief

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS for:

A.    Actual damages;

B.    Statutory damages;

C.    Attorneys' fees and costs; and

D.    Injunctive relief.

E.    Declaratory relief.

  F.  Such other and further relief as justice may require and allow, including pre-judgment and post-judgment interest.

## COUNT THIRTEEN

### FRAUD

159. Plaintiff repeats and re-allege the allegations contained in paragraphs 1-24, above as if fully set forth herein.

160. On information and belief, Plaintiff executed a contract to pay Parrish its regular, usual, standard or customary charges. These terms required that medical services be based upon fair market value. The contract terms were a false representation made by Parrish with the intent to mislead the Plaintiff.

161. Defendant contracted with Parrish to enforce the contract terms between Plaintiff and Parrish. At the time Defendant contracted with Parrish, it received a copy of the contract requiring Plaintiff to pay Parrish its regular, usual, standard or customary charges (fair market value) as well as the initial bill and a record of Plaintiff's payments on the Debt.

162. Defendants May 25, 2017, dunning letter to Plaintiff stated that the balance due was $1,442.90, which amount was substantially greater than fair market value.

163. On July 22, 2017, Defendant sent a dunning letter to Plaintiff stating that the balance due on the debt was $4,131.74. (Composite Exhibit A, p. 10 - 12) This was a false statement. Defendant also falsely stated in that letter "Our office has been advised to increase the balance owed on the delinquent account to the right due to additional charges being incurred. These charges are now included and your current balance due is $4,131.74".

164.    The false statements were material and were intended to induce reliance on the part of Plaintiff.  Plaintiff did justifiably rely on the false statements by believing that her debt had increased substantially, causing her mental and emotional distress.

165.    The Debt was not legally justified as it was not fair market value for the services provided, nor was it the regular, usual, standard or customary charges.

<b>Prayer for Relief</b>

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS for:

A.    Actual damages;

B.    Costs;

C.    Punitive damages.

**COUNT FOURTEEN**

**BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

166.    Plaintiff repeats and re-allege the allegations contained in paragraphs 1-24, above as if fully set forth herein.

167.    On information and belief, Plaintiff executed a contract to pay Parrish its regular, usual, standard or customary charges, which charges are established at fair market value.

168.    Defendant contracted with Parrish to enforce the contract between Plaintiff and Parrish. That contract carried with it a covenant of good faith and fair dealing.

169.    At the time Defendant accepted the contract with Parrish to enforce the Plaintiff's Debt, it received a copy of the contract requiring Plaintiff to pay Parrish its regular, usual, standard or customary charges as well as the initial bill and record of Plaintiff's payments on the debt.  Defendant knew that fair market value was the standard for determining the amount of medical debt.

170.    Defendants May 25, 2017, dunning letter to Plaintiff stated that the balance due was $1,442.90, which although did not account for all payments made by the Plaintiff.  Additionally, that sum was substantially greater than fair market value.

171.    On July 22, 2017, Defendant sent a dunning letter to Plaintiff stating that the balance due on the debt was $4,131.74.  (Composite Exhibit A, p. 10 - 12)   Defendant also stated in that letter "Our office has been advised to increase the balance owed on the delinquent account to the right due to additional charges being incurred.  These charges are now included and your current balance due is $4,131.74".   That additional sum was not fair market value nor were additional services provided.

172.    Defendant violated the covenant of good faith and fair dealing because there were no additional charges due on the debt  Parrish had not advised Defendant to increase the debt.

173.    Defendant violated the covenant of good faith and fair dealing because the increases in the debt were not fair market value nor was it the regular, usual, standard or customary charges.

### Prayer for Relief

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS for:

A.    Actual damages;

B.    Attorneys' fees and Costs.

/s/ George Gingo
GEORGE M. GINGO, ESQ.
Florida Bar No.: 879533
400 Orange St.
Titusville, Florida 32796
(321) 264-9624 Telephone
Email: gingo.george@gmail.com

**COMPOSITE EXHIBIT A**